**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

CAROL JEAN MILLER,

        Appellant,

      v.

DEPARTMENT OF THE ARMY,

        Agency.

DOCKET NUMBERS
AT-0752-13-0015-C-1
AT-0752-13-0015-X-1[1]

DATE: September 12, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

<u>Carol Jean Miller</u>, Elgin, South Carolina, pro se.

<u>L. Patricia Smith</u>, Esquire, Fort Jackson, South Carolina, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The agency has filed a petition for review of the initial decision, which found the agency in partial noncompliance with the Board's order to cancel the

---

[1] The Board has assigned this new docket number for the purpose of determining whether the agency is in compliance with the Board's final decision. *See generally* 5 C.F.R. § 1201.183(c); *see also infra* ¶ 10.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

appellant's removal.  For the reasons discussed below, we DENY the agency's petition for review, FIND the agency in compliance, and DISMISS the petition for enforcement.  This is the final decision of the Merit Systems Protection Board in this compliance proceeding.  Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## BACKGROUND

¶2      The agency removed the appellant from her position as a Computer Assistant, effective August 27, 2012.  MSPB Docket No. AT-0752-13-0015-I-1, Initial Appeal File (IAF), Tab 3, Subtab 4.  The appellant appealed that removal. IAF, Tab 1.  The administrative judge cancelled the removal on due process grounds because the agency's deciding official did not receive the appellant's reply to the removal proposal.  IAF, Tab 11, Initial Decision (ID) at 2-3.  The administrative judge ordered the agency to cancel the removal and retroactively restore the appellant, effective August 27, 2012, pay her appropriate back pay with interest, and adjust her benefits with appropriate credits and deductions.  ID at 4.  Neither party petitioned for review of that decision.

¶3      In May 2013, the appellant filed a petition for enforcement.[3]  MSPB Docket No. AT-0752-13-0015-C-1, Compliance File (CF), Tab 1 at 3.  The agency responded with argument and evidence, alleging that it was in compliance with the Board's order.  CF, Tab 5 at 2-8.  The administrative judge ordered the agency to supplement the record with an affidavit further explaining its back pay, interest, and benefit calculations.  CF, Tab 8 at 2.  The agency responded, CF, Tab 12, and the appellant replied, CF, Tab 13.

---

[3] The agency removed the appellant a second time, effective May 8, 2013, and that removal has been upheld.  *Miller v. Department of the Army*, MSPB Docket No. AT-0752-13-0599-I-1, Initial Decision (Oct. 29, 2013).  Neither party petitioned for review, and that decision is now final.  *Id.* at 7.

¶4      The administrative judge granted the petition for enforcement with respect to the calculation of the appellant's annual leave.[4]  CID at 4-5.  He ordered the agency, as appropriate, to credit with, or pay out to, the appellant 108 additional hours of annual leave.  CID at 5.

¶5       The agency has filed a petition for review.[5]  MSPB Docket No. AT-0752-13-0015-C-1, Petition for Review (PFR) File, Tab 2.  The appellant has not filed a response.[6]

## ANALYSIS

### The agency's petition for review

¶6      The purpose of a Board order cancelling an adverse action is to place the appellant as nearly as possible in the status quo ante.  *Kerr v. National Endowment for the Arts*, 726 F.2d 730, 733 (Fed. Cir. 1984).  This generally includes the restoration of an appellant's annual leave.  *See Forrest v. Department of Agriculture*, 74 M.S.P.R. 213, 220 (1997); 5 U.S.C. § 5596(b)(1)(A)(i); 5 C.F.R. § 550.805(a)(2).

¶7      On review, the agency does not dispute the administrative judge's conclusion that it owed the appellant 388 hours of annual leave as part of the cancellation of her removal.  Instead, the agency argues that the administrative judge erred in finding that it had not fulfilled that obligation.  PFR File, Tab 2

---

[4] The administrative judge found the agency to be in compliance with the remainder of the order, and the appellant has not challenged that finding on review.  CF, Tab 14, Compliance Initial Decision (CID) at 4-5.

[5] The agency's petition for review is limited to the administrative judge's findings regarding the appellant's annual leave and, upon review, we find no reason to revisit any other aspect of the agency's compliance.

[6] The appellant submitted a letter to the Board on the same day as the agency's petition for review, requesting that the agency provide supporting documentation for a letter she received 10 days earlier.  PFR File, Tab 1.  However, she confirmed that this should not be construed as a petition for review, *see* PFR File, Tab 3 at 1, and it does not substantively respond to the agency's petition.

at 3-5. We disagree with the agency that, on the record before him, the administrative judge erred in finding the agency in noncompliance.

¶8    First, the administrative judge noted that the agency paid the appellant for her annual leave balance of 284 hours[7] when it removed her. CID at 4; *see* CF, Tab 12 at 5. Next, the judge noted that because the agency deducted the same amount from her back pay award, the agency should have credited the original 284 hours upon reinstatement. CID at 4. Finally, he noted that the appellant should have accrued an additional 104 hours of annual leave for the period between her removal and reinstatement. CID at 4. Based upon the sum of these two blocks of leave, the judge concluded that the agency should have credited the appellant with a total of 388 hours. CID at 4. We find no error in this conclusion. The judge next concluded, based on the record evidence, that the agency credited the appellant with only 280 hours. *See* CID at 4.

¶9    Pursuant to the administrative judge's cancellation of the appellant's removal, the agency reinstated the appellant, effective March 29, 2013. CF, Tab 5 at 6. In her April 4, 2013 leave and earnings statement, the agency credited the appellant with only 280 hours of annual leave. CF, Tab 5 at 8, Tab 12 at 16. However, the following leave and earnings statement, dated April 18, 2013, reflected another 124 hours of restored leave. PFR File, Tab 2 at 5; CF, Tab 12 at 18. The administrative judge's calculation and decision did not acknowledge those 124 hours of restored leave, most likely because the record was unclear as to what this 124 hours represented. *See* CF, Tab 12 at 18. The agency submitted an affidavit to explain its compliance regarding the appellant's pay, *id*. at 4-8, but failed to submit a similar explanation regarding her leave. Therefore, the administrative judge had only the unexplained leave and earning statements to review. *See id*. at 16-18. Therefore, we deny the agency's petition for review

---

[7] The appellant's 284 hours of annual leave at an hourly rate of $19.50 equated to a payment of $5,538.00. *See* CF, Tab 12 at 5.

and affirm the compliance initial decision in MSPB Docket No. AT-0752-13-0015-C-1.

The agency's evidence of compliance

¶10     Because we affirm the compliance initial decision, we must render a final decision on the issues of compliance. *See* 5 C.F.R. § 1201.183(c); *see also supra* n.1; MSPB Docket No. AT-0752-13-0015-X-1. Although the record below was unclear, the agency's petition contains further explanation to show that it had fully complied with the Board's order. *See* PFR File, Tab 2 at 5, 7; *see also McDonough v. U.S. Postal Service*, 60 M.S.P.R. 122, 125-26 (1993) (the Board generally will not consider evidence that could have been, but was not, presented to the administrative judge; however, the Board will consider evidence that constitutes a further explanation of the agency's efforts to comply with the Board's orders). In addition, the agency's explanation on review is undisputed. *See Cox v. U.S. Postal Service*, 87 M.S.P.R. 575, ¶ 3 (2001) (finding compliance based on an agency's evidence and the appellant's failure to object).

¶11     Accordingly, we find that the agency credited the appellant with all the leave she was due, through annual and restored leave. We, therefore, find the agency in compliance and dismiss the petition for enforcement.

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                           _____
                                         William D. Spencer
                                         Clerk of the Board

Washington, D.C.